IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BART BOKANOSKI | : | CIVIL ACTION NO. |
| ROBERT DIZINNO, and | : | 3:15-cv-00021-JCH |
| JEREMY ANDERSON, | : | |
| on behalf of themselves and all | : | |
| others similarly situated, | : | |
| | : | |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | |
| | : | |
| LEPAGE BAKERIES PARK ST., LLC, | : | |
| C.K. SALES CO., LLC, | : | |
| | : | |
| DEFENDANTS. | : | FEBRUARY 22, 2016 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT (DOC. 68)**

In this class action lawsuit under Connecticut's wage laws, Plaintiffs and the putative

class members delivered baked goods for Defendants to various retailers in Connecticut.  As set

forth in their original Complaint, and their Proposed First Amended Complaint, Plaintiffs' claims

are straightforward.  They allege that although they were treated as "independent contractors" of

Defendants, they were actually "employees" entitled to the protections of Connecticut's wage

laws, and as a result of this misclassification, they suffered damages in the form of deductions

from their pay and business expenses borne on behalf of Defendants.

On December 21, 2015, Defendants moved under Rule 12(c) for judgment on Counts I,

III, and IV of Plaintiffs' Complaint.  See Doc. 58.  Upon review of Defendants' Motion,

Plaintiffs' attempted in good faith to confer with Defendants, and proposed to trim Counts I and

III from the Complaint and to clarify their pleading of Count IV, which would have mooted the

bulk of Defendants' motion, would have saved the parties and the Court from extensive briefing and legal argument, and would have helped to narrow and identify any remaining disputes prior to the summary judgment deadline.

Apparently the adage is true that no good deed goes unpunished.  In their most recent filing, Defendants oppose Plaintiffs' Motion to Amend, leveling baseless allegations that Plaintiffs are "flouting" the Rules of Civil Procedure, falsely accusing Plaintiffs of "disingenuous" argument, and mischaracterizing Plaintiffs' honest effort to simplify their Complaint as an attempt to "smuggle" improper causes of action from one count to another. (Defs.' Opp'n to Mot. to Amend, Doc. 71, at 1, 3, 12.)  Defendants rely on these histrionics because, as has now become clear, the only remaining dispute between the parties is whether Plaintiffs may plead their unjust enrichment claim and, at the pleading stage, this is an argument that the Defendants cannot win.  For this reason, the Court should grant Plaintiffs leave to file their Proposed First Amended Complaint, which removes Counts I and III as requested by Defendants, and clarifies Plaintiffs' properly asserted claim for unjust enrichment.

## ARGUMENT

I.      **THE PARTIES AGREE THAT PLAINTIFFS MAY PROCEED WITH THEIR STATUTORY CLAIM FOR ILLEGAL DEDUCTIONS FROM THEIR WAGES.**

As set forth above, Plaintiffs are three individuals who delivered bread for Defendants' bread delivery company.  Their central statutory claim is that although Defendants classified them as "independent contractors," they are actually employees for purposes of Connecticut's wage laws, and any amounts deducted from their wages constitute a violation of Conn. Gen. Stat. § 31-71e.  Defendants have not moved to dismiss this statutory claim for illegal wage

deductions.  Regardless of the outcome of the pending motions for judgment on the pleadings and to amend, this case will proceed on the alleged violation of Conn. Gen. Stat. § 31-71e.

There is no dispute that Plaintiffs are <u>only</u> entitled to relief under Conn. Gen. Stat. § 31-71e if they are found to be "employees" of Defendants.  The Parties appeared to agree that it was unnecessary for Plaintiffs to assert a stand-alone claim for "misclassification" as employees as defined by Conn. Gen. Stat. § 31-71a.  (Defs.' Mot. for Judg., Doc. 58-1, at 4-6.) This is only a "definitional" section, and there are no damages arising from that misclassification separate from the application of Conn. Gen. Stat. § 31-71e, or some other statutory or common law cause of action.  (<u>See</u> Defs.' Opp'n. Doc. 71 at 11 ("…Section 31-71a is a definitional statute…").)  In light of this common ground between the Parties, rather than plead a "misclassification count" to enforce the definitional section of the statute, and a separate count for damages under Conn. Gen. Stat. § 31-71e (as Plaintiffs had done in the original Complaint, Doc. 1), Plaintiffs have now proposed to eliminate the stand-alone misclassification claim, and to only assert their claim for illegal wage deductions under Conn. Gen. Stat. § 31-71e.  In both the original and the Proposed Amended Complaints, this statutory claim for illegal wage deductions had fully incorporated Plaintiffs' allegation that they were employees entitled to the statute's protections.  (Compl., Doc. 1, at ¶ 35; Prop. Amend. Compl., Doc. 68-1, at ¶ 34.)

Defendants' make only one substantive argument in opposition to Plaintiffs' proposal to eliminate Count I from the original Complaint.  Contrary to the position asserted in their Rule 12(c) Motion, Defendants now contend that if Plaintiffs' statutory deductions claim was to incorporate the issue of employee misclassification (as it always has), these two "claims" cannot be combined into one count, and the misclassification claim must be plead separately under Fed. R. Civ. P. 10(b).  (<u>See</u> Defs. Opp'n, Doc. 71, at 7-9, 11-12.)  Of course, Defendants have

asserted the opposite in their Rule 12(c) Motion, arguing that Plaintiffs cannot assert a stand-alone count claiming they were misclassified as independent contractors under the definition of Section 31-71a,[1] because there is no private cause of action for such a claim.  (See Defs. Mot. for Judg., Doc. 58-1, at 5-6 (arguing that Count I of original Complaint must be dismissed because employees do not have "a private right of action to challenge a perceived misclassification").)

Defendants cannot have it both ways.  Either Plaintiffs should be permitted to eliminate the stand-alone misclassification claim from their complaint (as they have done in their Proposed Amendment, Doc. 68-1), or Plaintiffs should be permitted to move forward separately under Counts I and II of the original Complaint if the two "claims" cannot be combined into one count under Rule 10(b).  Either way, the Parties agree that Plaintiffs may proceed on their statutory claim to recover illegal deductions from their wages, which is contingent on their status as employees.

Defendants' inconsistent positions on this topic demonstrate that the "separation" of the misclassification and deductions elements of Plaintiffs' statutory claim is likely an "overly technical" issue, and the resolution of this technicality will have little effect on Plaintiffs' ability to pursue their statutory claim for wage deductions under Conn. Gen. Stat. § 31-71e.  See generally Joseph Victori Wines, Inc. v. Vina Santa Carolina S.A., 933 F. Supp. 347, 356 (S.D.N.Y. 1996) ("Dismissing plaintiff's fraud claim or requiring plaintiff to file an amended complaint at this point in order to correct relatively minor deficiencies in the pleading would merely be an inefficient, overly technical exercise.").  Where Plaintiffs have proposed an

---

[1]      In their proposed amended Count I, Doc. 68-1 at ¶¶ 34-37, Plaintiffs also refer to Section 31-71a for its definition of "wages," prior to asserting that Defendants' illegally deducted amounts from these wages in violation of Section 31-71e.  Defendants similarly take issue with this reference, which has no bearing whatsoever on Plaintiffs' claims that "Defendants' practice of making various unlawful and unauthorized deductions from the Plaintiffs' and class members' compensation violates Conn. Gen. Stat. § 31-71e."  (Pls.' Proposed Amend. Compl., Doc. 68-1, at ¶ 36.)

amended pleading that clearly articulates their statutory claim for wage deductions and does not contain any substantive differences from the original Complaint (but merely addresses a previous technicality initially raised by Defendants), the amendment should be allowed.

## II.    PLAINTIFFS' PROPOSED AMENDMENT TO THEIR UNJUST ENRICHMENT CLAIM IS NOT FUTILE AND SHOULD BE PERMITTED.

As discussed above, Plaintiffs are prepared to proceed on their statutory claim for deductions from their wages under Conn. Gen. Stat. § 31-71e.  Both the original Complaint and the Proposed Amended Complaint also seek to recover more than just the sums deducted from their pay, but also assert a claim for unjust enrichment.  (See Compl., Doc. 1, at ¶ 41; Prop. Amend. Compl., Doc. 68-1, at ¶¶ 38-44.)

Like Plaintiffs claim for illegal wage deductions, Plaintiffs unjust enrichment claim is contingent on a finding that they are employees under Connecticut law.  In other words, if Plaintiffs lose on the issue of employee status, and they are properly classified as independent contractors, Plaintiffs concede that they do not have a viable unjust enrichment claim. The substance of the unjust enrichment claim is that by misclassifying Plaintiffs and other drivers as independent contractors, as opposed to employees, Defendants unjustly enriched themselves by shifting various business costs and expenses to its employees.  (See Compl., Doc. 1, at ¶ 41; Prop. Amend. Compl., Doc. 68-1, at ¶¶ 38-44.)  Under this theory, Plaintiffs have sought restitution of "all payments made by Plaintiffs in order to purchase their routes, and all other business expenses born by Plaintiffs on behalf of Defendants."  (Compl., Doc. 1, at p. 10; Prop. Amend. Compl. at p. 11.)  This claim is premised on an employee's common law right to payment of his or her wages.  See, e.g., Lipsitt v. Plaud, 994 N.E.2d 777, 784-85 (Mass. 2013) ("the right of an employee to sue for breach of contract or on a quasi-contract theory arising from the nonpayment of wages is so long standing and fundamental that it requires no citation").  An

5

employer is unjustly enriched when it withholds wages, or requires a "kick-back" or a diversion from an employees' wages.  State of Connecticut Comm'r of Labor v. Lough, 2014 WL 818225, at *5 (Conn. Super. Ct. Jan. 29, 2014) (denying defendant's motion for summary judgment on plaintiff's unjust enrichment claim for withheld wages); Mercante v. Collins Enterprises, LLC, 2012 WL 799708, *10 (Conn. Super. Feb. 17, 2012) (denying defendant-employers' motion to dismiss unjust enrichment claim where employee "alleged sufficient facts to create an inference that he was entitled to distributions from [his employer]" and that employer was "unjustly enriched by its refusal to pay distributions to the plaintiff….").[2]

These common law rights are embodied in numerous Connecticut statutes affecting the payment of wages, particularly Conn. Gen. Stat. § 31-73(b), which is cited in Plaintiffs' Proposed First Amended Complaint and provides that: "No employer… shall, directly or indirectly, demand, request, receive or exact any refund of wages, fee, sum of money … or deduct any part of the wages agreed to be paid, upon … the understanding that such refund of wages, fee, sum of money, contribution or deduction is necessary to secure employment or continue in employment."  Id.

Plaintiffs have sought only to clarify their unjust enrichment claim through their proposed amendment.  In the original Complaint, Plaintiffs alleged Defendants unjustly enriched themselves by shifting various business costs and expenses to its Plaintiffs and sought restitution of "all payments made by Plaintiffs in order to purchase their routes, and all other business

---

[2]      See generally Adams v. Tanner, 244 U.S. 590, 604 (1917) (Brandeis, J., dissenting) ("paying for the privilege of going to work, and paying more the more urgently the job is needed, not only keeps people unnecessarily unemployed, but seems foreign to the spirit of American freedom and opportunity"); 29 C.F.R. § 531.35 ("'[W]ages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the [FLSA] will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.").

expenses born by Plaintiffs…." (Compl., Doc. 1, at ¶ 41, and "Payer for Relief".)  Many of the "payments" for the routes were financed through payroll deductions, and thus should be recoverable under Plaintiffs' statutory claim.  However, it is alleged that some of these payments were made through out-of-pocket "down payments" to purchase the opportunity to work for Defendants, which may not constitute a formal payroll deduction, and are more akin to "paying for the privilege of going to work."  Adams v. Tanner, 244 U.S. at 604.  The proposed amendment does not seek any additional damages beyond what were in the original Complaint, but Plaintiffs have simply provided a more specific list of the expenses and payments that resulted in the unjust enrichment of Defendants.  (Prop. Amend. Compl., Doc. 68-1, ¶¶ 39-43.)  In doing so, Plaintiffs also cite to Conn. Gen. Stat. § 31-73(b) and other statutory provisions that embody the public policy of Connecticut that an employee is entitled to full payment of his or her wages, and an employer may not exact wages or other payment in exchange for the opportunity to work.  (Id. at ¶¶ 39-40.)  Plaintiffs allege that Defendants' conduct was unjust because it constituted a violation of these statutes and, regardless of whether there is a technical statutory violation, Plaintiffs' right to recovery is grounded in their common law right to receive their earned wages, not in the actual violation of the statute.  (See id. at ¶¶ 38, 41-42.)

Defendants argue that because these wage statutes exist which prohibit Defendants' alleged misconduct, and because Plaintiffs reference these statutes within their unjust enrichment count, they are barred from recovering these amounts through a claim of unjust enrichment.  This is incorrect for two reasons.

First, Plaintiffs are permitted to pursue a claim for unjust enrichment where Defendants are alleged to have interfered with legally protected interests that are granted by a statute or regulation, as long as it does not conflict with "liabilities or penalties for the interference

provided by other law."  See Restatement (Third) of Restitution § 44(2), (3)(d).  Defendants have

made no showing that permitting Plaintiffs to recover restitution of all payments made in

violation of Conn. Gen. Stat. § 31-73(b) would somehow conflict with the statute, and therefore

the amendment is not futile.

Second, and more importantly, Plaintiffs' right to "free and clear" payment of their wages

exists at common law.  See, e.g., Sims v. AT & T Mobility Servs. LLC, 955 F. Supp. 2d 1110,

1116 (E.D. Cal. 2013) ("Under the common law, an employee could recover unpaid wages

through an action in contract or, if the contract was legally void, in quantum meruit for the value

of services rendered.") (citations omitted).  An employee's "claims for breach of contract, or, in

the alternative, quantum meruit, [to recover unpaid wages] do not depend on proving a violation

of some statutorily created right."  Lipsitt, 994 N.E.2d at 785.  Thus, regardless of whether there

has been a technical statutory violation, Plaintiffs are permitted to enforce their common law

rights to unpaid wages, and they should be permitted to amend their unjust enrichment claim as

proposed.

### III.    THERE IS NO MERIT TO DEFENDANTS' ARGUMENTS REGARDING THE "TIMELINESS" OF THE PROPOSED AMENDMENT.

Finally, there is no merit to Defendants' argument that Plaintiffs' Motion to Amend

should be denied as untimely, or that Defendants will be prejudiced by the amendment.[3]  The

---

[3]     Defendants' focus on the timing of the Parties' recent motion practice raises other questions regarding the propriety of addressing a Rule 12(c) motion at this stage of the proceeding.  Where a Rule 12(c) motion addresses the "plausibility" of recovery under the complaint, courts have questioned whether "it is appropriate to apply the plausibility standard after substantial pretrial discovery has taken place."  Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 45-46 (1st Cir. 2012).  "An obvious anomaly arises in such a situation because a court attempting to determine whether a complaint should be dismissed for implausibility must decide, on the basis of the complaint alone, if the complaint lacks enough factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. This is, by its nature, a threshold inquiry, and logic strongly suggests that it occur prior to discovery. Ignoring the entire panoply of facts developed during discovery makes little sense…."  Id. at 46 (internal citation and quotation omitted); see also Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n. 3

proposed amended pleading removes two Counts, as requested by Defendants, because Plaintiffs

agreed that they were superfluous.  The Proposed Amended Complaint seeks the exact same

relief that was sought through the original Complaint – recovery of all deductions from wages,

and restitution of all expenses borne on Defendants' behalf and amounts paid directly to

Defendants to secure employment (i.e., direct down payments for the territory purchase).  (See

Compl., Doc. 1, at p. 10; Prop. Amend. Compl. at p. 11.)  Indeed, Defendants agree that

"[n]early all of the allegations of the proposed Amended Complaint are identical to those

contained in the Complaint," except for more specific examples of the types of expenses

Plaintiffs seek to recover, and a more detailed description how Plaintiff Bokanoski entered into

his arrangement with Defendants (facts that had always been within Defendants' purview).  (See

Defs' Opp. to Mot. to Amend, Doc. 71, at 3.)

        The only prejudice that Defendants claim they would suffer if the amendment were

allowed is that, had Plaintiffs clarified their Complaint earlier and removed Counts I and III,

Defendants would have been saved from drafting their Rule 12(c) Motion.  This is untrue

because Defendants would have still moved to dismiss Count IV of the original Complaint, an

effort Defendants continue to pursue and which Plaintiffs have opposed.  (Defs.' Mot. for Judg.,

Doc. 58-1, at 11-12; Pls.' Opp'n to Mot. for Judg., Doc. 69, at 3-6.)  Regardless, this is not the

type of "legal prejudice" recognized by the Second Circuit when assessing whether to allow an

amendment under Rule 15.  There are three central factors relevant to a showing of prejudice to

defeat a proposed amendment, which include whether the amendment would "(i) require the

opponent to expend significant additional resources to conduct discovery and prepare for trial;

---

(8th Cir.2010) (expressing concern about entertaining a Rule 12(c) motion to test the plausibility of a
complaint following a preliminary injunction hearing that generated an extensive record).  Defendants
have offered no explanation for the delay in bringing their motion under Rule 12(c).

(ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.'" Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998).  Defendants make no argument that any of these factors have been met, nor that Plaintiffs' proposed amendment would cause any delay or additional discovery beyond what has already been conducted.  Defendants cannot make such a showing because, in their own words, "[n]early all of the allegations of the proposed Amended Complaint are identical to those contained in the Complaint."  (Doc. 71 at 3.)

Where the Proposed Amended Complaint seeks no additional relief, will not cause any delay in this proceeding, and Plaintiffs have not acted in bad faith, the amendment should be allowed.  See, e.g., Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (granting motion for leave to amend complaint four years after original pleadings where court did not conclude that there was bad faith); see also Roessner v. Employee Term Life, 589 F. Supp. 2d 174, 176 (D. Conn. 2008) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. The objective served by freely allowing amendments is to enable a party 'to assert matters that were overlooked or were unknown at the time of the original complaint.'") (citations omitted).

## CONCLUSION

For the reasons stated above and in Plaintiffs' Motion to Amend (Doc. 68), Plaintiffs request leave to file their First Amended Complaint (Doc. 68-1).

Respectfully submitted,

BART BOKANOSKI
ROBERT DIZINNO, and
JEREMY ANDERSON,
on behalf of themselves and all
others similarly situated,

By their Attorneys,


/s/ Harold Lichten _____
Harold L. Lichten
Matthew W. Thomson
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com


/s/ Richard Hayber_____
Richard E. Hayber (ct11629)
Hayber Law Firm, LLC
Employee Rights Advocates
221 Main Street
Hartford, CT  06106
(860) 522-8888
rhayber@hayberlawfirm.com

11

**CERTIFICATION OF SERVICE**

I hereby certify that on **February 22, 2016**, a copy of the **Plaintiffs' Reply in Support of Their Motion for Leave to File Amended Complaint (Doc. 68)** was filed electronically [and service made by mail to anyone unable to accept electronic filing].  Notice of this filing will be sent by email to all parties by operation of the Courts electronic filing system [or by mail for anyone unable to accept electronic filing].  Parties may access this filing through the Courts system.

/s/ Richard Hayber_____
Richard E. Hayber